

LAW OFFICES OF
CORY H. MORRIS
ATTORNEY &
COUNSELOR AT LAW

## *Via Electronic Case Filing Only*

May 25, 2026

USDJ Margo K. Brodie
225 Cadman Plaza East
Brooklyn, NY 11201

<u>Re:</u>    **Premotion letter to dismiss Plaintiff's complaint on the pleadings;**

<u>Case:</u>  <u>**Geico v. Advanced Medical Supplies et al, 1:25-cv-06135(MKB)(LKE)**</u>

Dear Hon. Margo K. Brodie:

I write on behalf of Defendants Advanced Medical Supplies, Inc. ("AMS") and Fatima Elkhettab ("Elkhettab") ("Defendants") to request a premotion conference to dismiss this case.

Defendants respectfully request The "Court...look with particular scrutiny at claims for a civil RICO, given RICO's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies." *Spiteri v. Russo,* No. 12-CV-2780 (MKB)(RLM), 2013 WL 4806960, at \*45, 2013 U.S. Dist. LEXIS 128379, at \*173 (E.D.N.Y. Sept. 7, 2013). Defendants move pursuant to Fed. R. Civ. P. 12(c) to dismiss this RICO as conclusory (false) allegations are insufficient to state such claim. *Jackson v. Cty. of Rockland,* 450 F. App'x 15, 19 (2d Cir. 2011).

Plaintiff cannot state a substantive RICO claim as it fails to plead, "(1) that the defendant (2) through the commission of two or more acts (3) constituting a `pattern' (4) of `racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an `enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1983) (citing 18 U.S.C. §§ 1962(a)-(c)).

Many of Plaintiff's claims were adjudicated and are time barred as the Second Circuit has adopted an "injury discovery" rule; "a plaintiff's action accrues against a defendant for a specific [RICO] injury on the date that plaintiff discovers or should have discovered that injury," *Bankers Tr. Co. v. Rhoades,* 859 F.2d 1096,1103 (2d Cir. 1988), and "the claims asserted in the subsequent action were, or could have been raised in the prior action[s arbitrations]" *Monahan v. N.Y. City Dep't of Corr.,* 214 F.3d 275, 285 (2d Cir. 2000) (citations omitted).

Even still, Plaintiff claims are not plead with particularity under Fed. R. Civ. P. 9(b), fail to identify the conspirators, are vague, based on John Does, without sufficient particulars of the fraud. *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 119 (2d Cir. 2013), and without specificity as to "the time, place, speaker, and sometimes even the content of the alleged misrepresentations, lack the 'particulars' required by Rule 9(b),' "*Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir.1986). Plaintiff fails to allege predicate acts that the defendant or defendants

**Cory H. Morris, JD MA** • 2295 NW Corporate Blvd., Suite 117 • Boca Raton, Florida 33431  * Mailing address*

TEL: **631.450.2515 - 954.745.4592** | FAX: **631.223.7377 - 954.745.4597** | WEB: **coryhmorris.com** | EMAIL: **info@coryhmorris.com**

515 East Las Olas Boulevard, Suite 1301 • Fort Lauderdale, FL 33301 | 863 Islip Avenue • Central Islip NY 11722  *By appointment only*

committed the underlying substantive criminal law violations. *See GEICO v. Patel,* 166 F. 4th 280 (2d Cir. 2026). Plaintiff further fails to allege the "distinctiveness" requirement of RICO violations by alleging the existence of two distinct entities: "(1) a `person`; and (2) an `enterprise` that is not simply the same `person` referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 161, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001).

### PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE ON THE PLEADINGS

When evaluating a motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the court employs the same standard as that for a motion to dismiss under Rule 12(b)(6). See *Troni* v. *Holder,* No. 09 Civ. 10239, 2010 U.S. Dist. LEXIS 79670, at *4-5 (S.D.N.Y. July 29, 2010) (citing *Patel* v. *Contemporary Classics,* 259 F.3d 123, 126 (2d Cir. 2001)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft* v. *Iqbal,* 556 U.S. 662,668 (2009) (quoting *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007)).

Fraud must satisfy Rule 9(b)'s heightened pleading standard. Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 668 (citing *Twombly,* 550 U.S. at 556). Plaintiff cannot and does not statements, speakers and the fraud here:

"[T]o comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Am. Fed'n of State, Cnty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Bristol-Myers Squibb Co.,* 948 F. Supp. 2d 338, 346 (S.D.N.Y. June 3, 2013)(quoting *Lerner v. Fleet Bank, NA.,* 459 F.3d 273, 290 (2d Cir. 2006)). "[W]here multiple defendants are accused of mail or wire fraud, plaintiffs must plead with particularity as to each defendant...." *United States Fire ins. Co. v. United Limousine Serv.,* 303 F. Supp. 2d 432, 433-44 (S.D.N.Y. Feb. 6, 2004)(internal citations omitted); *accord Spiteri v. Russo,* No. 12-CY-2780 (MKB), 2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. Sept. 7, 2013).

### FRAUD & RICO CLAIMS FAIL – SUPPLEMENTAL JURISDICTION SHOULD NOT BE EXERCISED

Plaintiffs have not pled an enterprise distinct from the "persons" (AMS and Elkhettab) or generic John and Jane Does. A corporation cannot be both the RICO person and the enterprise. *See Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158 (2001); *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.,* 30 F.3d 339 (2d Cir. 1994). Such error is fatal in that AMS and its owner as a single unit engaging in ordinary business activities. *See Town of Mamakating, N.Y. v. Lamm,* No. 15-CV-2865 (KBF), 2015 WL 5311265, at *9 (S.D.N.Y. Sept. 11, 2015), *aff'd sub nom, Town of Mamakating, New York v. Lamm,* 651 F. App'x 51 (2d Cir. 2016).

To " 'constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes.' " *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.,* 385 F.3d 159, 174 (2d Cir. 2004) (quoting *First Nationwide Bank v. Gelt Funding Corp.,* 820 F. Supp. 89, 98 (S.D.N.Y.1993)); see *Boyle v. United States,* 556 U.S. 938, 948, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009). Plaintiff failed to plead that " 'a group of [entities] associated together for a common purpose of engaging in a course of conduct . . . pleading a `hierarchical structure` or a `chain of command' is not necessary.'

**Law Offices of Cory H. Morris • Attorney & Counselor at Law** 2 | P a g e

TEL: **631.450.2515 - 954.745.4592** | FAX: **631.223.7377 - 954.745.4597** | WEB: **coryhmorris.com** | EMAIL: **info@coryhmorris.com**

" *McGee v. State Farm Mut. Auto. Ins. Co.,* No. 08-CV-392(FB)(CLP), 2009 WL 2132439, at *4 n. 7, 2009 U.S. Dist. LEXIS 60229, at *14 n. 7 (E.D.N.Y. July 14, 2009) (quoting *Boyle,* 556 U.S. at 946, 129 S.Ct. 2237) (alteration in original). RICO's enterprise concept is "narrower than that of other federal laws, and . . . proof of a pattern of racketeering activity may be sufficient in a particular case to permit an inference of the enterprise's existence." *State Farm Mut. Auto. Ins. Co. v. Cohan,* No. CV 09-2990(JS)(WDW), 2009 U.S. Dist. LEXIS 125653, at *21 (E.D.N.Y. Dec. 30, 2009). In the case of an "association-in-fact" enterprise, it "is oftentimes more readily proven by what it *does,* rather than by abstract analysis of its structure." *United States v. Krasniqi,*555 Fed.Appx. 14, 17 (2d Cir.2014), *cert. denied,* ___ U.S. ___, 135 S.Ct. 294, 190 L.Ed.2d 214 (2014) (emphasis in original) (internal quotations and citation omitted).

Plaintiff's RICO conspiracy claim must fail because the alleged acts that Defendants agreed to commit do not amount to criminal activity, or RICO predicate acts that would entitle GEICO to the relief it seeks. See, e.g., *GEICO v. Mayzenberg,* No. 22-2537 (2d Crir. Mar. 10, 2026). *Salinas v. United States,*522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997), held that "[a] conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *Id.* at 65, 118 S.Ct. 469.

Plaintiff fails to plead mail and wire fraud predicates with specificity under Rule 9(b), identifying the who, what, when, where, and how of each alleged fraudulent statement. The Complaint relies on a "representative sample" in Exhibit 1 and conclusory group pleading on unspecified Jane/John Does. This is insufficient. *See Gov't Emps. Ins. Co. v. Saco,* 2015 WL 1527614 (E.D.N.Y. Mar. 31, 2015); *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229 (1989). "[A] plaintiff must offer 'more than labels and conclusions' in pleading the non-fraud elements," while a plaintiff must meet the heightened particularity requirement of Federal Rule of Civil Procedure 9(b) when pleading "predicate acts sounding in fraud or mistake." *D. Penguin Bros. v. City Nat. Bank,* 587 F. App'x 663, 666 (2d Cir. 2014) (quoting *Twombly,* 550 U.S. at 555).

Plaintiffs fail to allege conspiracy, continuity (closed- or open-ended) or relatedness sufficient for a RICO pattern. Isolated or sporadic acts over time do not suffice. *See id.,* *GEICO v. Patel, supra* and *GEICO v. Mayzenberg, supra.* Not present here is when "a defendant violates section 1962(d) when he or she enters into an agreement with knowledge that the goal of the conspiracy is the commission of a RICO violation, that is to 'conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.'" *United States v. Neapolitan,* 791 F.2d 489, 492 (7th Cir.1986); *see also United States v. Basciano,*599 F.3d 184, 199 (2d Cir.2010).

The complaint should be dismissed with prejudice. The fraud and unjust enrichment claims are derivative of the deficient RICO allegations, are barred by res judicata and likewise fail the Rule 9(b) particularity requirement. Plaintiffs' own admissions show that they had the opportunity to raise and litigate these issues further undermine any plausible claim of reliance, fraud or damages whatsoever. See *63rd St. Realty II LLC v. Phila. Indem. Ins. Co.,* No. 22-cv-0973, 2024 WL 3966097, at *1 (E.D.N.Y. Aug. 28, 2024); *GEICO v. Mayzenberg,* No. 22-2537 (2d Crir. Mar. 10, 2026). Absent viable federal claims, the Court should decline supplemental jurisdiction over any state claims. 28 U.S.C. § 1367(c)(3) and "in the usual case in which all federal-law claims are

**Law Offices of Cory H. Morris · Attorney & Counselor at Law**

TEL: **631.450.2515 - 954.745.4592** | FAX: **631.223.7377 - 954.745.4597** | WEB: **coryhmorris.com** | EMAIL: **info@coryhmorris.com**

eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)).

For the foregoing reasons, Defendants respectfully request that the Court grant judgment on the pleadings and dismiss the Complaint in its entirety with prejudice or, alternatively, dismiss the federal cause(s) of action and decline to exercise jurisdiction over the state law claims in this matter.

We thank the Court for its kind consideration.

Sincerely,

Cory H. Morris, JD MA

cc: Rivkin Radler, Counsel for the Plaintiff's (via Electronic Case Filing Only)

**Law Offices of Cory H. Morris • Attorney & Counselor at Law**
TEL: 631.450.2515 - 954.745.4592 | FAX: 631.223.7377 - 954.745.4597 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com